**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**In Re: K.M. & C.W.**

**No. 14-0878** (Jefferson County 13-JA-24 & 13-JA-25)

**FILED**

January 12, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MEMORANDUM DECISION**

Petitioner Mother, by counsel Tracy Weese, appeals the Circuit Court of Jefferson County's August 6, 2014, order terminating her parental rights to seven-year-old K.M. and three-year-old C.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Nicholas Colvin, filed a response on behalf of the children that supports the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court erred in 1) adjudicating her as an abusive parent; 2) denying her motions for post-adjudicatory and dispositional improvement periods; and 3) terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2013, the DHHR filed an abuse and neglect petition alleging unsanitary home conditions, such as 1) housing twenty dogs; 2) animal feces and trash throughout the house; 3) rotten floors; 4) excessive bugs/insects; and 5) the children's exposure to illegal narcotics. The DHHR also alleged that Petitioner Mother burned K.M.'s fingers and feet, struck K.M. in the face, allowed her brothers to physically abuse K.M., and "abdicated" her parental responsibilities for extended periods of time.

On January 13, 2014, Petitioner Mother filed an answer. Petitioner Mother acknowledged that due to her lack of supervision, attention, and/or carelessness, K.M. was accidentally burned by her cigarette and/or lighter. However, she denied intentionally burning K.M. Further, Petitioner Mother stated that her lack of supervision, attention, and/or carelessness and the resulting injury to K.M. meets the definition of a neglected child. Petitioner Mother consented to a finding that she neglected K.M. Petitioner Mother then moved for a post-adjudicatory improvement period.

Thereafter, the circuit court held a series of adjudicatory hearings to take evidence on the DHHR's allegations. Specifically, the circuit court considered K.M.'s Child Advocacy Center interview wherein he described that Petitioner Mother burned him. Medical experts testified that the first and second degree burns on K.M.'s hand and feet were intentional, contrary to Petitioner Mother's assertion. Despite this testimony, Petitioner Mother testified that she did not recall

1

K.M. getting burned. Importantly, while Petitioner Mother initially denied striking K.M. at the first adjudicatory hearing, she later testified that she struck K.M. in the face multiple times. After considering all of the testimony, the circuit court held that K.M. was an abused child. The circuit court found that Petitioner Mother struck K.M. in the face on several occasions and that the medical testimony provided "ample testimony that K.M. suffered" intentional "first and second degree burns on both of his hands and both feet." Additionally, the circuit court found that Petitioner Mother was "dishonest" with the circuit court and that her testimony was "not credible." Thereafter, the circuit court held a dispositional hearing and terminated Petitioner Mother's parental rights. However, the circuit court granted Petitioner Mother post-termination visitation with her children to be determined at the discretion of the children's caregivers. It is from the order terminating her parental rights that Petitioner Mother appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

To begin, Petitioner Mother argues that the petition failed to include specific times, locations, and how her conduct came within the statutory definition of abuse or neglect. We disagree. West Virginia Code § 49-6-1(a) states, in pertinent part, that the petition in an abuse and neglect proceeding "shall allege specific conduct including time and place, [and] how such conduct comes within the statutory definition of neglect or abuse with references thereto . . . ." We have previously held that "[i]f the allegations of fact in a child neglect petition are sufficiently specific to inform the custodian of the infants of the basis upon which the petition is brought, and thus afford a reasonable opportunity to prepare a rebuttal, the child neglect petition is legally sufficient." Syl. Pt. 1, *State v. Scritchfield*, 167 W.Va. 683, 280 S.E.2d 315 (1981). Upon our review, it is clear that the petition below contained the requisite specificity to afford Petitioner Mother a reasonable opportunity to prepare a rebuttal.

Petitioner Mother argues that the circuit court erred in adjudicating K.M. as an abused child. Upon our review, the Court finds no error in the circuit court's adjudication of K.M. as an abused child. West Virginia Code § 49-6-2(c) directs that, following an adjudicatory hearing, a circuit court "shall make a determination based upon the evidence and shall make findings of

fact and conclusions of law as to whether such child is abused or neglected . . . ." That code section further requires that "[t]he findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing proof." In discussing this evidentiary standard, we have previously held that

> "W.Va.Code [§] 49–6–2(c) [1980], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In the Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, in part, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997). Upon our review, it is clear that the evidence below was sufficient to support the circuit court's finding that Petitioner Mother abused K.M.

Petitioner Mother questions the credibility of the witnesses and evidence upon which the circuit court based its finding of abuse. The circuit court held a series of adjudicatory hearings and heard testimony from a variety of witnesses, both expert and lay. At one of these hearings, Petitioner Mother testified that she struck K.M. on several occasions. Further, K.M. stated during his interview that Petitioner Mother burned him.

We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, we note that the circuit court was in the best position to weigh witness credibility, and we find no error in the findings of abuse to the children at issue. This includes the specific evidence that Petitioner Mother admitted she struck K.M. in the face on several occasions. This testimony alone is sufficient to support the circuit court's finding that Petitioner Mother abused K.M. While it is true that Petitioner Mother also argues that the circuit court erred in finding that she abandoned[1] her children and permitted her brothers to physically abuse K.M., the Court declines to address these findings because of the overwhelming evidence supporting the circuit court's finding of abuse.

Next, Petitioner Mother argues that the circuit court erred in denying her post-adjudicatory and dispositional improvement periods. Petitioner Mother also argues that the circuit court erred in terminating her parental rights. Because these assignments of error are substantially related, they will be addressed together. Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights without an improvement period. While Petitioner Mother argues that the evidence was insufficient to support termination without an improvement period, the record establishes that the circuit court was presented with ample evidence upon which to terminate her parental rights. Specifically, Petitioner Mother argues that the circuit court erred in terminating her parental rights as there was a less restrictive

---

[1]The circuit court found that Petitioner Mother "abdicated her parental responsibilities." Importantly, in her brief to this Court, Petitioner Mother admitted that she left K.M. in his aunt's care for "extended periods of time."

dispositional alternative available, and erred in denying her an improvement period. Petitioner Mother contends that an improvement period was proper because she complied with the services she was receiving and accepted responsibility for abusing K.M.

West Virginia Code § 49-6-12 gives circuit courts the discretion to grant an improvement period when "the [parent] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have previously held that

> "in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *West Virginia Dept. of Health and Human Resources v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996).

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010).

The record is clear that Petitioner Mother failed to admit to the underlying issues of abuse that gave rise to the petition and failed to identify the perpetrator(s) responsible for burning K.M. It is clear from a review of the record that Petitioner Mother, while acknowledging K.M.'s injuries, failed to explain how K.M. suffered the first and second degree burns to both of his hands and both of his feet. While Petitioner Mother admitted that her lack of supervision could have contributed to K.M. receiving accidental burns on his hands and feet, this was in direct conflict with proffered expert medical testimony. Specifically, the circuit court heard expert testimony that K.M.'s burns were intentional and caused by either submersing K.M.'s extremities into a hot liquid or by placing a flame over his extremities for an extended amount of time. Petitioner Mother failed to identify the perpetrator(s) of any actions which led to the burning of K.M.'s hands and feet. The circuit court was in the best position to weigh witness credibility, and we find no error in the circuit court's finding that Petitioner Mother's testimony was not credible. Because Petitioner Mother failed to acknowledge the underlying issues of abuse and failed to identify perpetrator(s), the problem was, therefore, untreatable, and the circuit court did not err in denying Petitioner Mother an improvement period and proceeding to termination.

Pursuant to West Virginia Code § 49-6-5(b)(2), this constitutes a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future. Furthermore, we have held that "there is no reasonable likelihood that the conditions of abuse can be substantially corrected because the perpetrator of the abuse has not been identified . . . ." Syl. Pt. 3, in part, *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993). For these reasons, and because the circuit court found that termination was in the children's best interests, the circuit court was correct to terminate Petitioner Mother's parental rights to her children without an improvement period as directed by West Virginia Code § 49-6-5(a)(6).

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 6, 2014, order is hereby affirmed.

4

Affirmed.

**ISSUED:**  January 9, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II